75 P.3d 203

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John M. DORSEY, Defendant–Appellant.**

**No. 27373.**

Court of Appeals of Idaho.

June 2, 2003.

Rehearing Denied Aug. 28, 2003.

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

John M. Dorsey appeals from his judgment of conviction and sentence for trafficking in methamphetamine by manufacturing. Dorsey argues that the information was insufficient to give him notice of the charge against him, and that charging both manufacture and attempted manufacture of methamphetamine, in the same count of the information, was improper and constituted grounds for dismissal. We affirm.

## I.

### FACTS AND PROCEDURE

Dorsey was charged with trafficking in methamphetamine by manufacturing, I.C. § 37–2732B(a)(3). The second amended information alleged that Dorsey "on or about the 16th day of May, 2000, in the County of Shoshone, State of Idaho, did knowingly manufacture or attempt to manufacture a controlled substance, to-wit: methamphetamine, a Schedule II controlled substance and/or any mixture or substance containing a detectable amount of methamphetamine." Thus the information charged the language of the statute and limited facts specific to Dorsey. Before trial, defense counsel moved to have the action dismissed for insufficiency of the information. The state refused to further amend the information and argued that an information which charges the statutory language is sufficient to give proper notice to a defendant. The district court denied the motion to dismiss, holding that Idaho law does not require the state to lay out its evidence in the charging document. A jury trial followed and Dorsey was convicted of trafficking in methamphetamine by manufacturing. The district court imposed a unified sentence of twenty years of imprisonment, with five years determinate. Dorsey timely appeals.

## II.

### ANALYSIS

Dorsey argues the information filed in this case was insufficient to give him notice of the charge against him, and that the information improperly charged two offenses within the same count. Whether an information conforms to the requirements of law is a question subject to free review on appeal. *State v. Byington,* 135 Idaho 621, 622–23, 21 P.3d 943, 944–45 (Ct.App.2001). *State v. Robran,* 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct.App.1991).

### A. Sufficiency of the Information

A legally sufficient information is a plain, concise, and definite written statement of the essential facts constituting the offense

charged. I.C. §§ 19–1303, 19–1409 through 19–1418; I.C.R. 7(b); *State v. Darbin*, 109 Idaho 516, 519, 708 P.2d 921, 924 (Ct.App. 1985). The sufficiency of an information ultimately depends on whether it fulfills the basic functions of the pleading instrument. *State v. Windsor*, 110 Idaho 410, 417, 716 P.2d 1182, 1189 (1985); *Robran*, 119 Idaho at 287, 805 P.2d at 493. The sufficiency of an information is tested by a functional analysis encompassing two inquiries: (1) whether the pleading contains the elements of the offense charged and fairly informs the defendant of the charge which must be defended against; and (2) whether the information enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590, 620 (1974). An information must be specific enough to advise a defendant as to the particular section of the statute he or she is being charged with having violated and, in addition, must set forth a concise statement of the facts constituting the alleged offense sufficient that the particular offense may be identified with certainty as to time, place and persons involved. *State v. Grady*, 89 Idaho 204, 211, 404 P.2d 347, 351 (1965).

The amended information in this case charged Dorsey with trafficking by manufacturing or attempting to manufacture methamphetamine. Every element made criminal by I.C. § 37–2732B(a)(3) was alleged in the amended information. Further, the amended information specified that the trafficking was accomplished by Dorsey knowingly manufacturing or attempting to manufacture methamphetamine on or about the 16th day of May 2000 in Shoshone County. Taken together, the elements of the offense charged, reference to the particular section of the trafficking statute, and the information regarding the person, place and time involved fairly informed Dorsey of the charge which he had to defend against. Thus, we conclude the information in Dorsey's case fulfilled the basic functions of the pleading instrument as required by Idaho's statutes, rules and case law.

Our determination that the information was adequate in this case should not be interpreted as a holding that mere recitation of the statutory language will be sufficient regardless of the nature of the offense charged. Decisions of the appellate courts of this state have made it clear that for some types of offenses, such as manslaughter (*see State v. McMahan*, 57 Idaho 240, 65 P.2d 156 (1937)), and theft (*see State v. Owen*, 129 Idaho 920, 935 P.2d 183 (Ct.App.1997)), because the crime may be committed by a multitude of methods and conduct, mere repetition of the statutory language may *not* be sufficient to satisfy the pleading instrument function of notifying the defendant of the charge which must be defended against. Ordinarily, however, manufacturing methamphetamine is not such an offense which would require greater explication so long as the time and place of the offense are adequately set forth in the pleading instrument.

■ Dorsey further poses a due process challenge to the sufficiency of the information, alleging that he was prejudiced in his defense because of the vagueness of the information, and that this constitutes a denial of due process. A defendant, however, cannot legitimately claim that he was surprised to his substantial prejudice by the absence in the information of specific details relating to an offense where those details are already known to the defendant or provided to the defendant by a means other than through the language in the information. *See State v. Gumm*, 99 Idaho 549, 552, 585 P.2d 959, 962 (1978).

In *Owen*, the defendant was convicted of twenty-nine counts of grand theft and one count of attempted grand theft. On appeal, Owen claimed that she could not determine whether she was accused of committing theft of the specified property by physically stealing items from the victim's residences or places of businesses, by embezzling goods entrusted to her by an employer or business associate, by possessing property stolen by someone else, or by any other of the multitude of means of committing theft that are contemplated within I.C. § 18–2403. Therefore, Owen asserted that the informations were insufficient because she did not know the alleged facts which she would need to refute at trial. This Court held that the

preliminary hearings disclosed the state's position with regard to the circumstances, method, manner or way each charged crime was committed, which satisfied the due process requirement of apprising Owen of the particularities of the state's theories. *Owen,* 129 Idaho at 927–28, 935 P.2d at 190–91.

In the instant case, even if we were to assume the information was lacking in some respect, the preliminary hearing evidence establishes that Dorsey was given notice of how the state intended to present its case, and the evidence which had to be refuted at trial. Consequently, Dorsey cannot claim prejudice to his defense, and his due process challenge fails.[1]

**B. Charging Two Crimes in One Count**

■ Dorsey also argues that the district court should have dismissed the information because it improperly charged him with two crimes within a single count by alleging that he "did knowingly manufacture *or* attempt to manufacture a controlled substance...." (Emphasis added).

Idaho Code § 37–2732B(a)(3) states in relevant part:

Any person who knowingly manufactures or attempts to manufacture methamphetamine and/or amphetamine is guilty of a felony which shall be known as "trafficking in methamphetamine and/or amphetamine by manufacturing."

■ We conclude that the information did not charge two crimes; rather it alleged alternative means by which Dorsey was to have committed the crime of trafficking. The crime Dorsey was charged with is "trafficking in methamphetamine by manufacturing." This offense is committed by either manufacturing or attempting to manufacture methamphetamine. Where a statute enumerates a series of acts either of which, separately or all together, may constitute the offense, all of such acts may be set forth and charged in a single count. *State v. Griffith,* 94 Idaho 76, 80, 481 P.2d 34, 38 (1971). We therefore conclude the information properly

stated the elements of a single crime, trafficking in methamphetamine by manufacturing. Thus, the district court did not err in denying Dorsey's motion to dismiss on this ground.

**III.**

**CONCLUSION**

We conclude that the information charging Dorsey with trafficking in methamphetamine by manufacturing was both statutorily and constitutionally sufficient, and that the information did not charge two crimes in one count. Accordingly, we affirm Dorsey's judgment of conviction and sentence.

Chief Judge LANSING and Judge PERRY concur.

---

1. We note Dorsey's reliance on *McMahan,* 57 Idaho 240, 65 P.2d 156 in support of his assertion of a due process violation. However, *McMahan* involved a unique set of circumstances in that the defendant was not given notice of the theory which the state convicted him on until the state presented its rebuttal evidence at trial. *McMahan,* 57 Idaho at 249, 65 P.2d at 159.