# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 52221-2024

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

DWAYNE EDWARD BEST,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Moscow, April 2025 Term

Opinion filed: June 26, 2025

Melanie Gagnepain, Clerk

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. John T. Mitchell, District Judge.

The district court's judgment of conviction is <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for Appellant. Andrea W. Reynolds argued on appeal and Justin Curtis argued on petition for review.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Ken Jorgensen argued.

Federal Defender Services of Idaho, Boise; Attorneys of Idaho, Boise; Furguson Durham PLLC, Boise; and Law Office of B.C. McComas, LLP, San Francisco, California (pro hac vice), for Amicus Idaho Association of Criminal Defense Lawyers on rehearing.

---

ZAHN, Justice

Dwayne Edward Best appeals from his judgment of conviction for possession of a controlled substance with the intent to deliver, trafficking a controlled substance, and unlawful possession of a firearm. Best moved to suppress evidence obtained during a warrantless search of his room, claiming that the search violated his Fourth Amendment rights. The district court denied the motion. The case then proceeded to a jury trial. Prior to closing argument, the State moved to preclude Best from discussing the lack of law enforcement body camera footage for a particular interview during closing argument. The district court granted the State's motion. The jury found

Best guilty on all charges. Best filed a timely appeal challenging the district court's denial of his motion to suppress and its decision limiting his closing argument.

We affirm Best's judgment of conviction. We do not address his challenge to the district court's denial of his motion to suppress because we hold that he failed to preserve the argument he now seeks to raise on appeal. We also hold that, while the district court erred in limiting Best's closing argument, the error was harmless.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

After receiving a tip from a confidential informant that Best had distributed controlled substances, probation officers and law enforcement conducted a warrantless search of a room where Best was staying. Best was on probation at the time of the search, but his assigned probation officer was not present and did not participate in the search. During the search, officers discovered controlled substances, paraphernalia, a firearm, and cash. Best was subsequently charged with three felony counts: possession of a controlled substance with the intent to deliver, trafficking a controlled substance, and unlawful possession of a firearm. Best filed a motion to suppress the evidence discovered during the warrantless search. Although Best's motion indicated that "[t]he memorandum in support of this motion will follow," no supporting memorandum was ever filed.

The district court held a hearing on the motion to suppress. A probation officer testified that Best was on probation and that the terms and conditions of his probation required Best to submit to searches of his residence. On cross-examination, Best's counsel showed the officer a written document that Best signed over twenty years earlier that set forth terms and conditions of probation. One of the terms and conditions was a Fourth Amendment waiver indicating that Best could be subject to a warrantless search at the request of his assigned probation officer. The State did not object to this line of questioning.

On redirect examination, the prosecutor showed the probation officer a document on her laptop screen. During her questioning, the prosecutor advised that she was showing the probation officer a Retained Jurisdiction Disposition and Notice of Right to Appeal from 2018. The document included an attachment with the title "Terms and Conditions of Probation Imposed on July 11, 2018" ("2018 Terms and Conditions of Probation"). The prosecutor did not have a hard copy of the document. The district court instructed the prosecutor to show Best's counsel the document contained on her laptop before it was shown to the witness. The document had a space

at the bottom for both Best and the district court judge to sign. While the document was signed by the district judge, it was not signed by Best.

After the State concluded its presentation of witnesses, the prosecutor asked the district court to take judicial notice of the 2018 Terms and Conditions of Probation. The district court asked if Best had any objections to the court taking judicial notice. Best's counsel responded, "[n]ot to judicial notice, Your Honor," but requested additional time to submit briefing and explained that he was waiting for the Idaho Department of Correction's response to a subpoena he had served.

The district court stated it would be "taking judicial notice of the file, CRF-2017-2549." Best did not object to the district court taking judicial notice of the entire file but again requested additional time for briefing, this time noting, in addition to the outstanding subpoena, that he did not have the 2018 Terms and Conditions of Probation the district court took judicial notice of and wanted an opportunity to brief it. The district court denied the request, noting that Best's terms and conditions of probation were a matter of public record and explaining "you want me to delay because you haven't looked at the document that your client was on probation for at the time? I'm not going to do that."

Best's counsel then argued the merits of the suppression motion. The 2018 Terms and Conditions of Probation stated: "That [Best] shall submit to searches of your person, personal property, automobiles, and residence without a search warrant *at the request of your probation officer, any agent of your probation officer, or any law enforcement officer*." Best did not argue that he had never received the 2018 Terms and Conditions of Probation, or that the unsigned document failed to establish that he consented to the Fourth Amendment waiver contained in the 2018 Terms and Conditions of Probation, or that the 2018 Terms and Conditions of Probation did not apply to him. Instead, Best's counsel argued that Best did not knowingly and voluntarily waive his right for searches by anyone other than his probation officer. Best argued that the probation officers who conducted the search were not agents of Best's probation officer, and that Best did not knowingly and voluntarily waive his Fourth Amendment rights to permit any person to perform a warrantless search. The district court denied Best's motion to suppress, noting that it was

> not at all persuaded that one single probation officer . . . is the only one that can grant agency. . . . They're all Idaho Department of Corrections [sic] employees. . . . [A]ny employee of the Department of Correction is an agent of whoever Mr. Best's probation officer is.

3

The case proceeded to a jury trial. Prior to Best's closing argument, the State moved to preclude Best from discussing the lack of body camera footage for a particular interview, asserting that the argument was prohibited under Idaho Criminal Rule 16. Rule 16 states in relevant part: "The fact that a witness's name is on a list furnished under this rule and that witness is not called must not be commented on at the trial." I.C.R. 16(i). Best asserted that his argument related to the lack of body camera footage; therefore, it did not constitute a comment on a missing witness. The district court disagreed and granted the State's motion.[1] At the conclusion of his trial, the jury found Best guilty of possession of a controlled substance with the intent to deliver, trafficking a controlled substance, and unlawful possession of a firearm.

Best timely appealed the district court's denial of his motion to suppress and its decision limiting his closing argument. His appeal was assigned to the Idaho Court of Appeals, which affirmed the district court. Best filed a petition for review, which this Court granted.

## II. ISSUES ON APPEAL

1. Whether Best preserved his suppression arguments for appeal.
2. Whether the district court erred by limiting Best's closing argument.

## III. STANDARDS OF REVIEW

When reviewing a case on a petition for review from the Court of Appeals, due consideration is given to the Court of Appeals' opinion, but this Court directly reviews the decision of the trial court. *State v. Miramontes*, 170 Idaho 920, 923, 517 P. 3d 849, 852 (2022). We will address the relevant standards of review for each issue below.

## IV. ANALYSIS

### A. Best's suppression arguments were not preserved for appeal.

Best argues on appeal that the district court erred by denying his motion to suppress because the State did not prove that Best knowingly, intelligently, and voluntarily entered into the 2018 Terms and Conditions of Probation that contained the waiver of his Fourth Amendment right against warrantless searches. He notes that, while the 2018 Terms and Conditions of Probation was signed by the district court judge, it was not signed by Best and, therefore, the document does not establish that Best consented to the Fourth Amendment waiver. The State argues that this argument is not preserved for appeal because it is different than the argument Best raised below.

---

[1] Best raised an additional issue in his opening brief concerning the district court's decision sustaining the State's objection during Best's closing argument concerning the State's charging decision. However, Best subsequently withdrew that issue during oral argument before this Court.

4

Best claims that his argument is preserved because "the district court squarely decided [that Mr. Best] was subject to a Fourth Amendment Waiver as a condition of his probation." At oral argument, Best seemed to assert that his argument goes to whether the district court's decision was supported by substantial and competent evidence and as such, it is properly preserved for appeal.

Generally, "[t]his Court will not consider issues raised for the first time on appeal." *State v. Jeske*, 164 Idaho 862, 868, 436 P.3d 683, 689 (2019) (citation omitted). An issue is preserved for appeal when a party presents the issue to the district court or if the district court issues an adverse ruling. *See id.*

We hold that Best failed to preserve the argument that he did not knowingly, intelligently, and voluntarily consent to the Fourth Amendment waiver contained in the 2018 Terms and Conditions of Probation. As an initial matter, Best did not make this argument below or otherwise argue that the 2018 Terms and Conditions of Probation did not apply. Rather, his argument before the district court was that the Fourth Amendment waiver did not authorize the search because the officers who conducted the search were not agents of his assigned probation officer. This is an entirely different argument than the one he now makes on appeal.

To the extent Best equates his argument on appeal with a sufficiency of the evidence argument, his position is not supported by our caselaw. "[S]ufficiency of the evidence challenges may be raised for the first time on appeal." *State v. Rodriguez*, 166 Idaho 848, 850, 465 P.3d 1087, 1089 (2020). However, this Court has only held as much when the challenge "pertains to the evidence necessary to sustain a burden of proof *at trial*." *State v. Villa-Guzman*, 166 Idaho 382, 384, 458 P.3d 960, 962 (2020) (emphasis added). "The right of a criminal defendant to challenge the sufficiency of evidence on appeal stems from the due process requirement that the government prove *guilt* beyond a reasonable doubt. Plainly, our preservation requirement must yield where doubt persists that the government has met its constitutional burden." *State v. Howard*, 169 Idaho 379, 385, 496 P.3d 865, 871 (2021) (emphasis added) (internal citation omitted). Best does not challenge the sufficiency of the evidence at trial but instead challenges the sufficiency of the evidence to establish his consent to the 2018 Terms and Conditions of Probation. Best's situation is distinguishable from those where we have determined that a sufficiency of the evidence argument may be raised for the first time on appeal.

This conclusion is also supported by our decision in *Villa-Guzman*, where we declined to allow a challenge to the sufficiency of evidence on restitution to be raised for the first time on

appeal. 166 Idaho at 384–85, 458 P.3d at 962–63. Villa-Guzman claimed that the State failed to meet its evidentiary burden "because the restitution request and attached cost sheet were unsworn and contained numerous errors which prevented the district court from determining costs actually incurred." *Id.* at 384, 458 P.3d at 962. However, this Court held that the issues were not preserved because "defects in the documents admitted to support restitution are *foundational* errors, which require an objection at the time of the restitution hearing" to be preserved. *Id.* Significantly, the Court pointed out that "[e]rrors such as those raised by Villa-Guzman can easily be remedied in the trial court by counsel making a contemporaneous objection." *Id.* Because Villa-Guzman failed to make such an objection to the trial court, this Court did not address the merits regarding the alleged problems with the State's offer of proof. *Id.* at 384–85, 458 P.3d at 962–63.

These same general principles apply here. As in *Villa-Guzman*, Best is not challenging the sufficiency of the evidence regarding his conviction. He claims the State failed to meet its burden of proof because the document it introduced into evidence lacked his signature. As in *Villa-Guzman*, Best asserts a foundational error that could have easily been raised below. Thus, similar to our holding in *Villa-Guzman*, we hold that Best's argument concerning the unsigned 2018 Terms and Conditions of Probation may not be raised for the first time on appeal.

Best also asserts an alternative argument attacking the district court's decision: that even if Best waived his Fourth Amendment rights, the search was outside the scope of the waiver because the officers did not request that he submit to the search. The State claims that this argument also is not preserved for appeal. Best asserts that it is preserved because he argued before the district court that the door to his room was opened without permission, and he was not alert or conscious when the probation officers entered his room.

We hold that Best similarly failed to preserve his alternative argument for appeal because it differs from the argument he raised below. Before the district court, Best argued that *he did not consent* to the search of his room because the officers never asked for permission to search. However, on appeal Best now argues that *the 2018 Terms and Conditions of Probation did not authorize the search* because the officers did not make a request to search. Having failed to make this argument before the district court, Best failed to preserve it for appeal. Because neither of Best's challenges were preserved, we affirm the district court's decision denying Best's motion to suppress because the search was permitted by the 2018 Terms and Conditions of Probation.

6

On a final note, the district court also stated an alternative basis for denying the motion to suppress, which was not raised below by the State: that reasonable grounds existed for the warrantless search because of the confidential informant's tip and the fact that Best was on probation. Warrantless searches of probationers fall under an exception to the warrant requirement if there are reasonable grounds to support the search. *State v. Klingler*, 143 Idaho 494, 497, 148 P.3d 1240, 1243 (2006). On appeal, Best argues that the district court erred in determining there were reasonable grounds for the warrantless search. We do not need to address the merits of this argument because we have affirmed the district court's decision on another ground—that the search was permitted by the 2018 Terms and Conditions of Probation.

## B. The district court's decision precluding Best from discussing the lack of body camera footage during his closing argument was harmless error.

Best argues that the district court erred in precluding him from discussing the lack of body camera footage for a particular interview because Idaho Criminal Rule 16 is inapplicable to that issue. The State concedes that the district court erred on this point but asserts that the error was harmless.

Given the State's concession, it has the burden of demonstrating that the error is harmless beyond a reasonable doubt. *State v. Temple*, 170 Idaho 148, 154, 508 P.3d 1222, 1228 (2022). This standard requires weighing the probative force of the record, excluding the erroneous evidence, and comparing it against the probative force of the error. *State v. Garcia*, 166 Idaho 661, 674, 462 P.3d 1125, 1138 (2020). If the error's effect is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error, then the error did not contribute to the verdict rendered and is harmless. *Id.*

Turning to the probative force or prejudicial effect of the error, Best argues that, during closing argument, he wanted to discuss the fact that only one deputy present during an interview of Best had a body camera, but the deputy failed to record it. Best, however, offered no evidence concerning what the footage would have shown if the interview had been recorded. If Best is asking this Court to infer that the recording would have been exculpatory, there is no evidence in the record to support this inference. As a result, any such inference would be entirely speculative. The same is true of any argument by Best that the interview was not recorded for some nefarious reason. Thus, the probative force of the error is minimal at best.

On the other hand, the probative force of the record as a whole, excluding the erroneously precluded closing argument, provides substantial evidence of Best's guilt beyond a reasonable

7

doubt. The officers found drugs, drug paraphernalia, and a gun in a safe inside the room where Best was staying and was physically present at the time of the search. Fifteen grams of methamphetamine and seven grams of heroin were found in close proximity to Best. Further, Best admitted to delivering heroin and acknowledged his substance abuse. The jury rejected Best's defenses that other individuals in the house were involved in drugs so the items could have belonged to them, that Best did not know the items were in the room, and that Best was set up.

Our review of the record reveals that the effect of the error on the verdict was minimal compared to the probative force of the record establishing Best's guilt beyond a reasonable doubt without the error. As a result, we conclude that the district court's error was harmless.

## V. CONCLUSION

For the reasons set forth herein, we affirm Best's judgment of conviction.

Chief Justice BEVAN, and Justices BRODY, MOELLER, and MEYER CONCUR.