# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46177

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 30, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| SCOTT DAVID STEEL, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. John K. Butler, District Judge.

Judgment of conviction and unified sentence of twenty years with ten years determinate for aggravated assault with a deadly weapon, affirmed; order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenevieve C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Scott David Steel appeals from his judgment of conviction and unified sentence of twenty years with ten years determinate for aggravated assault with a deadly weapon. Steel also appeals from the order denying his Idaho Criminal Rule 35 motion for reduction of his determinate term. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Steel was a regular customer at a local bar in Twin Falls. He became romantically involved with the bartender's mother. After a disagreement between the bartender, her mother and Steel, the bartender permanently ejected Steel from the bar. Later, Steel returned to the bar. After the bartender told Steel to leave, he forcefully stabbed a knife into the counter and asked to

1

be served. The bartender again told Steel to leave, and he replied, "You and who else is going to make me in this bar?" Steel grabbed the knife from the counter and walked out of the bar. On his way out, he made eye contact with one of the patrons and asked "What are you going to do?" then shouted a profanity at the other patrons. The bartender later testified that Steel had a cold, hard stare and that she was terrified by the incident. Other witnesses at the scene generally testified Steel looked menacing and had a blank, almost ghostly, stare.

After the bartender called 911, Officers Silvester and Cyr found Steel in an alleyway a few blocks from the bar. Officer Silvester read Steel his *Miranda*[1] rights and arrested him. Steel explained that he was not trying to scare anyone; he never intended to hurt anyone; and he just wanted everyone, mainly the bartender, to leave him and his girlfriend alone. Steel also explained that stabbing a knife into the counter is "tradition in that bar" and that he did so jokingly rather than as a threat.

The State charged Steel with aggravated assault with a deadly weapon. Before his trial began, Steel objected to the State's use of Officer Silvester's bodycam video of Steel sitting in the back of a police car after his arrest. Steel argued this video was overly prejudicial because the video showed him in handcuffs. As an alternative, Steel requested that the State admit Officer Cyr's bodycam video, which apparently did not capture an image of Steel in the police car. The district court took the matter under advisement and planned to view both videos during a break in the trial.

During the next recess, the court was unable to view the videos due to technical difficulties. Before the jury returned, Steel reiterated his objection and repeated he had no objection to Officer Cyr's bodycam video as an alternative. The State argued Officer Silvester's bodycam video was probative and relevant to interpret Steel's statements and his intent during the incident because it showed his demeanor and facial expressions. Further, the State asserted Officer Silvester's video had better quality than Officer Cyr's video because parts of Officer Cyr's video were inaudible. The district court overruled Steel's objection. Relying on the video's description from the attorneys, the district court reasoned that because the handcuffs were not visible in Officer Silvester's video, the video was not overly prejudicial.[2]

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] Officer Cyr's bodycam video is not in the appellate record, and although Steel challenges the district court's admission of Officer Silvester's bodycam video, Steel does not assert the

2

The jury found Steel guilty. The district court entered a judgment of conviction and sentenced Steel to twenty years with ten years determinate. The district court later denied Steel's Rule 35 motion for leniency due to lack of new or additional information. Steel timely appeals both his judgment of conviction and his sentence.

## II.

## ANALYSIS

### A. Admissibility of Evidence

Steel argues the district court abused its discretion by admitting the video from Officer Silvester's bodycam in violation of Idaho Rule of Evidence 403. Rule 403 governs the exclusion of relevant evidence on the grounds of prejudice and provides that a court may exclude evidence if its probative value is substantially outweighed by a danger of, among other things, unfair prejudice, confusing the issues or misleading the jury.[3] A lower court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Steel argues "the danger of unfair prejudice [of] seeing him restrained in the back of the police car outweighed the video's probative value." Conversely, the State argues Officer Silvester's video was highly probative. More specifically, the State argues "Steel's statements,

district court abused its discretion by ruling on his objection without first viewing the proffered evidence.

[3] The State argues Steel failed to address the applicable Rule 403 standard: "In short, Steel argues only that the video's probative value did not outweigh the danger of unfair prejudice, and at no point argues that the danger of unfair prejudice substantially outweighs the video's probative value." We find this argument unpersuasive. Steel cited the correct standard, and while he did not always use the word "substantial" to describe the weight of the prejudicial effect, Steel effectively communicated his argument with legal authority. *See State v. Jeske*, 164 Idaho 862, 870, 436 P.3d 683, 691 (2019). Accordingly, we address this issue on appeal.

demeanor, and tone of voice are of a high probative nature." The State disputes Steel's claim of unfair prejudice, arguing the video does not show Steel in handcuffs; the jury would have to infer Steel was in handcuffs; and such an inference was "less unfairly prejudicial than seeing [Steel] in handcuffs."

Citing *State v. Crawford*, 99 Idaho 87, 96, 577 P.2d 1135, 1144 (1978), Steel argues "the jury's observation of [Steel] in a restrained condition *before trial* carries similar risks" as "the jury's observation of a defendant in shackles or handcuffs *at trial*." (Emphasis added.) In *Crawford*, the Idaho Supreme Court held that the defendant was denied a fair trial because his physical restraints (handcuffs and manacles) at trial may have affected his presumption of innocence and, thus, the outcome of the trial. *Id.* at 96, 577 P.2d at 1144. Despite citing *Crawford*, Steel concedes seeing him in handcuffs before trial is "not the same" as seeing him in "shackles or handcuffs" at trial. Further, Steel does not cite any legal authority to support the proposition that the jury's observation of a defendant in handcuffs before trial is unfairly prejudicial.

Even assuming (without deciding) that the jury's observation of a defendant in handcuffs in a police car after arrest is prejudicial, we conclude the district court did not abuse its discretion in this case because Officer Silvester's bodycam video does not show Steel in handcuffs. A review of the video shows that only Steel's face is visible. Due to the video's poor quality, Steel's body, arms, and hands are not visible at all. Although Steel sometimes leans forward, that his hands are restrained behind his back is not evident when he does so. Because Steel's body is concealed throughout the video and his restraints are not visible, any prejudice from the video does not substantially outweigh its probative value. For this reason, the district court did not abuse its discretion by admitting Officer Silvester's video.

## B.      Abuse of Sentencing Discretion

Steel argues the district court abused its discretion by imposing a twenty-year sentence with ten years determinate for aggravated assault with a knife. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324

4

(1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Steel contends the district court did not properly consider mitigating factors in this case, including his acceptance of responsibility, feelings of remorse and regret for his actions, and his productive life since parole. However, while mitigating factors may have some relevancy to sentencing, "a court is not required to assess or balance all of the sentencing goals in an equal manner." *State v. Felder*, 150 Idaho 269, 276, 245 P.3d 1021, 1028 (Ct. App. 2010). Considering the four goals of sentencing, the district court stated that protection of society was the court's primary concern given the nature of the underlying offense, Steel's character, and his prior criminal record. The record includes that Steel had previously been convicted of first degree murder in 1984 and sentenced to life in prison; was paroled in 2000, but absconded to Mexico; was brought back to the United States in 2009, put back in custody, granted parole again in 2010; and was granted early discharge from parole in June 2017. The district court emphasized that Steel committed aggravated assault with a knife in this case only five months after being discharged from parole on a conviction for first degree murder with a knife. Further, the district court noted that Steel is a very impulsive person; alcohol increases his impulsiveness; and he has a history of absconding from custody.

An independent review of the record demonstrates that the district court did not abuse its discretion and that Steel's sentence was not excessive. The district court was not required to elevate the mitigating factors Steel cites over the need to protect society.

## C. Rule 35 Motion

Finally, Steel also contends that the district court abused its discretion by denying his Rule 35 motion for a reduction of his determinate term. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court.

5

*State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

Steel has offered no new or additional information demonstrating that his sentence is excessive. Steel's motion was based on letters from family members highlighting his good character and strong family support. The district court concluded that, although the letters were new, "the Court at the time of sentencing was aware that the defendant had family support" and the "letters only confirm[ed]" the information in the PSI. A review of the entire record demonstrates that Steel's sentence is reasonable considering the serious nature of the underlying offense, his criminal history, and the protection of society. Therefore, the district court did not abuse its discretion in denying Steel's Rule 35 motion.

### III.

### CONCLUSION

The district court did not abuse its discretion by admitting Officer Silvester's video of Steel in the back of a police car. Further, the district court did not abuse its discretion by sentencing Steel to twenty years with ten years determinate or in denying his Rule 35 motion for sentence leniency. Accordingly, Steel's judgment of conviction and sentence and the district court's order denying Steel's Rule 35 motion for reduction of sentence are affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.