**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 42700-2014**

|                                         |     |                                      |
| --------------------------------------- | --- | ------------------------------------ |
|                                         | )   |                                      |
| **IN THE MATTER OF THE**                | )   | **Coeur d'Alene, April 2015 Term**   |
| **TERMINATION OF THE PARENTAL**         | )   |                                      |
| **RIGHTS OF:**                          | )   | **2015 Opinion No. 42**              |
|                                         | )   |                                      |
| **JOHN DOE (2014-26),**                 | )   | **Filed: April 23, 2015**            |
|                                         | )   |                                      |
| **Respondent-Appellant.**               | )   | **Stephen W. Kenyon, Clerk**         |
|                                         | )   |                                      |

Appeal from the Magistrate Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Hon. Michelle Evans, Magistrate Judge.

The judgment of the magistrate court is <u>vacated</u>.

Joanna M. McFarland, McFarland Law Office, Lewiston, argued for appellant.

Richard M. Cuddihy, Knowlton & Miles PLLC, Lewiston, argued for respondents.

_____

EISMANN, Justice.

This is an appeal out of Nez Perce County from a judgment terminating John Doe's parental rights in his two minor children.  Because the judgment was based solely upon the jury verdict finding John Doe guilty of murdering the children's mother and his judgment of conviction, both of which were vacated on his appeal in the criminal case, we vacate the judgment terminating his parental rights and remand this case for further proceedings.

**I.**
**Factual Background.**

John Doe and his wife had two children born during their marriage.  They later divorced, and the children's mother died from strangulation on April 30, 2011.  John Doe was arrested and charged with murder in connection with her death.  He has been held in custody since his arrest.  On December 16, 2011, a jury found John Doe guilty of murder in the first degree, and on March

2, 2012, he was sentenced to life in prison without eligibility for parole during the first twenty-five years. He appealed his conviction.

The children's maternal grandparents were appointed their temporary guardians on May 3, 2011, and the grandparents were appointed guardians of the children on June 13, 2012. On July 3, 2012, they filed this action to terminate John Doe's parental rights. They alleged that John Doe was "unable to discharge parental responsibilities and such inability will continue for a prolonged indeterminate period and will be injurious to the health, morals or well-being of the child[ren]," I.C. § 16-2005(1)(d); that "such termination of parental rights is in the best interests of the child[ren]" because John Doe had committed murder, I.C. § 16-2005(2)(b)(iv); and that termination was in the best interest of the children and John Doe, I.C. § 16-2005(3).

John Doe's appeal was initially heard by the Idaho Court of Appeals. On March 27, 2014, it issued an unpublished opinion affirming John Doe's judgment of conviction. John Doe petitioned for review by this Court, which was granted.

On June 27, 2014, the guardians filed an amended petition adding a claim to adopt the children. The magistrate court tried the claim to terminate John Doe's parental rights on October 3, 2014. John Doe had informed the court that oral argument on his appeal was set for December 2014 before this Court and asked that the matter be continued until after this Court issued its opinion, but the magistrate court refused to do so. The court issued its findings of fact, conclusions of law, and order on October 31, 2014. It found that termination of John Doe's parental rights was in the best interests of the children and that three statutory conditions existed justifying the termination. First, the court found that termination should be granted under Idaho Code section 16-2005(1)(d) because John Doe's lengthy prison sentence made him unable to discharge his parental responsibilities for at least twenty-five years. Second, the court found that termination should be granted under Idaho Code section 16-2005(1)(e) because John Doe is likely to remain incarcerated for a substantial period of time during the children's minority. Although this ground was not alleged, the court found that it was essentially within the scope of section 16-2005(1)(d). Finally, the court found that termination should be granted under Idaho Code section 16-2005(2)(b)(iv) because John Doe had committed murder. The court found that the guardians had failed to prove that termination should be granted under Idaho Code section 16-2005(3) because they had failed to prove that termination was in the best interests of John Doe.

The court entered a judgment terminating John Doe's parental rights in his children. He then timely appealed. In 2015, this Court entered a decision vacating the jury verdict finding John Doe guilty of murder and his judgment of conviction because the district judge wrongly excluded evidence that the jury could have found corroborated his testimony that he did not kill the children's mother.

## II.
## Is There Substantial and Competent Evidence to Support the Judgment?

A court may involuntarily terminate a parent's parental rights if it finds, by clear and convincing evidence, that termination is in the child's best interests and that at least one of the statutory conditions justifying termination exists. *In the Matter of the Termination of the Parental Rights of Jane (2014–23) Doe*, 157 Idaho 920, 923, 342 P.3d 632, 635 (2015). In this case, the magistrate court found that termination of John Doe's parental rights was in the best interests of his children and that three statutory conditions existed, each of which justified termination of John Doe's parental rights.

**Best interests of the children.** The magistrate court found that termination of John Doe's parental rights was in the best interests of the children because he had murdered their mother. The court's analysis as to the best interests of the children was as follows:

> [John Doe's] actions have caused the tragic loss of the children's mother when they were quite young. He has not been involved in their lives for the last three and one-half years due to his actions. The children need and deserve a stable, normal, loving home life in which to grow and flourish. Occasional prison visits to the man that murdered their mother does not promote what is in their best interests.

The court also found, pursuant to Idaho Code section 16-2005(2)(b)(iv) that it was rebuttably presumed that termination was in the best interest of the children because John Doe had murdered their mother and that he had failed to rebut that presumption. The finding that John Doe murdered the children's mother was based solely upon the jury verdict and judgment of conviction in his criminal case. The verdict and judgment have been vacated on appeal. Therefore, there is no evidence supporting the court's conclusion that termination of John Doe's parental rights was in the best interests of the children.

3

**Section 16-2005(d).**  Assuming that it is in the best interests of the child, Idaho Code section 16-2005(d) states that parental rights may be terminated when "[t]he parent is unable to discharge parental responsibilities and such inability will continue for a prolonged indeterminate period and will be injurious to the health, morals or well-being of the child."  The magistrate court found that this condition existed because John Doe will be incarcerated for at least twenty-five years.[1]  The court reasoned as follows:

> He would otherwise not be able to discharge any parental responsibility until after the boys were in their 20's at the earliest if granted parole following the twenty-five (25) year minimum period of incarceration.  Other than possibly maintaining contact through facility visits or telephonic and written communication (which assumes his family members are available to make the journey to whatever location he is housed within the IDOC system and, more importantly, assumes the children's guardians consent to such contact), [John Doe] is not available to discharge his parental duties to the children.

The court's finding was based solely upon the validity of John Doe's conviction and sentence.  Because the jury verdict and judgment of conviction have been vacated, there is no evidence supporting this finding.

**Section 16-2005(1)(e).**  Assuming that it is in the best interests of the child, Idaho Code section 16-2005(1)(e) states that parental rights may be terminated when "[t]he parent has been incarcerated and is likely to remain incarcerated for a substantial period of time during the child's minority."  The magistrate court found that "[b]ecause [John Doe] is incarcerated and is likely to remain incarcerated for a substantial period of time during the children's minority, he is unable to discharge his parental responsibilities and such inability will continue for a prolonged indeterminate period."  That finding was based solely upon the validity of John Doe's conviction and sentence, both of which have been vacated.

The guardians argue that the court's finding could be upheld based upon the incarceration already served by John Doe.  Relying upon *Idaho Dept. of Health & Welfare v. Doe*, 151 Idaho 605, 261 P.3d 882 (Ct. App. 2011), they contend that John Doe's incarceration to the date of the hearing was sufficient to terminate his parental rights.  They argue that he has had no contact with the children since May 1, 2011; that the children were three and four years of age at the

---

[1]  The court did not expressly find the statutory requirement that such inability to discharge his parental responsibilities will be injurious to the health, morals, or well-being of the children.

4

time of their mother's death; and that even if John Doe is released a considerable period of time would pass before he could regain custody of the children.

The interpretation of a statute is a question of law over which we exercise free review. *Gooding County v. Wybenga*, 137 Idaho 201, 46 P.3d 18 (2002). It must begin with the literal words of the statute, *Thomson v. City of Lewiston*, 137 Idaho 473, 50 P.3d 488 (2002); those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. *State v. Hart*, 135 Idaho 827, 25 P.3d 850 (2001).

In 1996, Idaho Code section 16-2005 was amended to add as a ground for termination of a parent's parental rights that the parent "has been incarcerated and has no possibility of parole." Ch. 365, § 2, 1996 Idaho Sess. Laws 1222, 1225. As drafted, the length of incarceration prior to the time of the evidentiary hearing regarding the termination would not be relevant. What mattered was that the parent had no possibility of parole. In 2005, this provision was replaced with the current provision, which states that "[t]he parent has been incarcerated and is likely to remain incarcerated for a substantial period of time during the child's minority." Ch. 391, § 49, 2005 Idaho Sess. Laws 1261, 1299 I.C. § 16-2005(1)(e). The change in the statute was meant to lessen the period of the parent's future incarceration. Before 2005, the parent must have "no possibility of parole." After the 2005 amendment, the parent must be "likely to remain incarcerated for a substantial period of time during the child's minority." The statute would not authorize the termination of parental rights regarding a parent who has been incarcerated but is not likely to "remain incarcerated for a substantial period of time during the child's minority." In context, the word "incarcerated" refers to someone who has been convicted of a crime and is serving a sentence of incarceration. The legislature has not defined what is a substantial period of time that the parent is likely to remain incarcerated during the child's minority. In making that determination, the court may consider factors including, but not limited to: the age of the child; the relationship, if any, that has developed between the parent and the child; and the likely period of time that the parent will remain incarcerated.

**Section 16-2005(2)(b)(iv).** Assuming that it is in the best interests of the child, Idaho Code section 16-2005(2)(b)(iv) states that parental rights may be terminated when "[t]he parent has committed murder, aided or abetted a murder, solicited a murder or attempted or conspired to commit murder." With respect to this circumstance, the magistrate court found that "[t]he evidence presented regarding the conviction and sentencing of [John Doe] for murdering [the

children's mother] is certainly clear and convincing evidence to show the aggravating factor under Idaho Code § 16-2005(2)(b)(iv)." However, the jury verdict and judgment of conviction were the only evidence presented on this issue, and they have been vacated. Therefore, there is not substantial and competent evidence supporting this finding.

For the above reasons, the judgment terminating John Doe's parental rights must be vacated. This case must be remanded to the magistrate court for further proceedings.

**III.**
**Conclusion.**

We vacate the judgment terminating John Doe's parental rights, and we award him costs on appeal.

Chief Justice BURDICK, and Justice W. JONES **CONCUR.**

J. JONES, Justice, specially concurring.

I fully concur in the Court's opinion. Because John Doe's conviction of first degree murder was the sole reason for granting the termination of parental rights and because the murder conviction was vacated, the judgment granting termination cannot be upheld. John Doe's murder conviction was vacated because the State "failed to demonstrate beyond a reasonable doubt that the constitutional error in excluding the proffered evidence did not affect the jury's verdict" in that case. That does not mean that the evidence presented in the murder trial could not have been used in this case as a means of establishing grounds for termination under Idaho Code section 16-2005(2)(b)(iv), or perhaps other provisions of Section 16-2005. The standard of proof in termination actions is obviously lesser than beyond a reasonable doubt. The respondents, the children's maternal grandparents, will have the opportunity to explore the various options open to them, regardless whether there is an actual criminal conviction, upon remand. The magistrate found that they have provided "a warm, loving, stable and secure environment for the children," and that the children "are doing quite well in their grandparents' home." For that they are to be commended.

6