IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 50474

| | |
|---|---|
| In the Interest of: Jane Doe, A Child Under Eighteen (18) Years of Age. | ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) Filed: May 18, 2023 |
| | ) |
| Petitioner-Respondent, | ) Melanie Gagnepain, Clerk |
| | ) |
| v. | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| JOHN DOE (2023-03), | ) BE CITED AS AUTHORITY |
| | ) |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, affirmed.

Barnum Law, PLLC; Randall S. Barnum, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Peter A. Mommer, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

John Doe appeals from the judgment terminating his parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURL BACKGROUND

Doe is the father of Jane Doe, the child involved in this action, who was born in May 2021 (child). Doe was sentenced in August 2021 to a unified term of seven years with two years determinate, and in another case he was sentenced in December 2021 to a unified term of ten years with three years determinate. Doe's earliest possible date of release on parole is March 2024 and latest satisfaction of sentence date is March 2031.

The child was placed into the custody of the Department of Health and Welfare (Department) after a shelter care hearing; however, a legal father was not identified at the time. In

1

February 2022, the court decreed Doe as the legal father of the child and the Department filed an amended petition. After a trial, the magistrate court found clear and convincing evidence that Doe neglected the minor child and that termination of Doe's parental rights is in the child's best interests and as a result, the magistrate court terminated Doe's parental rights.[1] Doe appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. Idaho Code § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*,

---

[1]     The magistrate court also terminated the mother's parental rights to the child. That decision is not at issue in this appeal.

143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

## III.

## ANALYSIS

Doe challenges the magistrate court's judgment terminating his parental rights. Doe argues that the magistrate court erred in finding clear and convincing evidence demonstrating grounds for termination based on neglect and Doe's incarceration, and in finding that termination of Doe's parental rights is in the child's best interests.

### A.    Neglect

Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b). Evidence of incarceration is competent evidence of neglect. *Idaho Dep't of Health and Welfare v. Doe*, 162 Idaho 400, 404, 397 P.3d 1159, 1163 (Ct. App. 2017). A parent who is incarcerated for a substantial portion of his or her child's life cannot provide any amount of parental care and control, subsistence, medical or other care, or control necessary for the child's well-being. *Id.* Further, an incarcerated parent is unable to discharge his or her responsibilities to and for his or her children

3

and he or she is leaving his or her children without the parental care necessary for the children's health, safety, or well-being. *Id.*

The magistrate court found clear and convincing evidence that Doe's criminal actions of committing a felony aggravated battery and possession of a controlled substance in 2021 resulted in a prison sentence until at least March 2024. As a result, the magistrate court determined Doe cannot provide proper parental care and control or meet the child's subsistence, education, medical, or other basic needs while incarcerated. Further, the magistrate court found that Doe has been incarcerated for the entirety of the child's life and has been unable to demonstrate the ability to meet her daily needs as a full-time parent. While Doe is optimistic that he will be ready to appropriately parent the child after he is released from prison, the magistrate court found that Doe would need to demonstrate lasting change in his approach to anger and maintain his sobriety. Without demonstrating these changes, the magistrate court found that Doe poses a high risk of physical harm to the child and a high risk of exposing the child to substance abuse. Thus, the magistrate court found clear and convincing evidence that Doe has neglected the child.

Doe argues that the magistrate court found a ground for termination of Doe's rights under I.C. § 16-2005(1)(b) (neglect) in such a way that would make it nearly impossible for anyone incarcerated to be capable of defending a neglect allegation, despite a different subsection of the statute directly provides for termination based on incarceration, I.C. § 16-2005(1)(e). Doe argues that the magistrate court's conclusion that Doe neglected the child because he was unable to comply with the case plan would render termination based on incarceration, I.C. § 16-2005(1)(e), superfluous and redundant. Doe relies on *Idaho Dep't of Health and Welfare v. Doe*, 161 Idaho 596, 389 P.3d 141 (2016) to support his assertion that incarcerated parents are responsible for complying with the case plan only when they were on notice of the need to comply with the case plan and then subsequently failed to comply. Doe asserts that he did not know he was going to be the child's father at the time he engaged in the conduct that resulted in his incarceration and that paternity was not established until months later. Doe argues that once he became aware of the child and a case plan was put into place, Doe did everything he was able to do to make progress and show the Department and the magistrate court that he wanted a relationship with his daughter. However, the magistrate court did not conclude that failure to comply with the case plan was the statutory basis for finding Doe neglected the child.

4

The magistrate court did not err in finding that Doe's history and his incarceration render him unable to provide proper parental care and control or meet the child's subsistence, education, medical, or other basic needs from inside prison. The magistrate court's conclusion does not circumvent the requirements of I.C. § 16-2005(1)(e). Even upon Doe's release, as the magistrate court found, it is unlikely that Doe will be prepared to provide proper parental care to the child. Doe's behavior continues to prevent his ability to safely care for the child, including that which resulted in his transfer to and stay in maximum security. Substantial and competent evidence supports the finding that Doe neglected the child.

**B.      Incarceration**

Idaho Code § 16-2005(1)(e) allows for termination where the parent is likely to remain incarcerated for a substantial period of time during the child's minority. The legislature has not defined a substantial period of time. *In re Doe*, 158 Idaho 548, 552, 348 P.3d 163, 167 (2015). The court may consider factors including, but not limited to: the age of the child; the relationship, if any, that has developed between the parent and the child; and the likely period of time that the parent will remain incarcerated. *Id.* In determining the likely period of time a parent will remain incarcerated, the court must consider the expected duration of future incarceration, rather than the duration of past incarceration. *Doe*, 161 Idaho at 602, 389 P.3d at 147.

The magistrate court found that Doe was incarcerated the entirety of the child's life and is not eligible for parole until March 2024. The magistrate court found that, while it cannot be certain what decision the parole board will make, it is highly likely that Doe will not be granted parole at his first available date because he engaged in a physical altercation while in custody and as a result, was transferred to maximum security. The magistrate court reasoned that it is likely that Doe will remain in prison for another several years. The magistrate court determined this is a substantial period of time given the child's young age. Additionally, the magistrate court found that Doe had less than ten, hour-long, in-person visits with the child, meaning that the child has been in the physical presence of her father for, at most, approximately ten hours during the child's twenty months of life. As a result, the magistrate court concluded that the child does not have a meaningful bond with Doe.

Doe asserts the magistrate court erred because it failed to apply the clear and convincing standard when the court acknowledged that it does not have a "crystal ball or special insight" into how the parole board will treat Doe's request. Doe asserts that the magistrate court did not rely

on substantial and competent evidence, but rather based its conclusion on its own experience with other incarcerated parents. Doe also asserts that the magistrate court erred in failing to apply the correct legal standard to the instant circumstances by failing to limit its inquiry to whether Doe's incarceration in the future would constitute a substantial amount of time during the child's minority. Doe argues that the magistrate court ignored and dismissed as many as fifteen years of the child's minority in determining what constitutes a substantial period of the child's life.

The magistrate court considered the age of the child and the minimal relationship between the child and Doe. The court also considered the remaining time that Doe is likely to be incarcerated. The magistrate court acknowledged that no one knows what will happen when Doe is in front of the parole board. However, the magistrate court also made factual determinations and inferences that it is unlikely Doe will be released during his first application to the parole board based on Doe's history while incarcerated and his prior criminal behavior. The magistrate court's determination is supported by substantial and competent evidence in the record. Thus, the magistrate court did not err in determining that Doe will be incarcerated for a substantial period of the child's life.

## C. Best Interests of the Child

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

While the magistrate court acknowledged Doe regretted the decisions that resulted in his incarceration, the magistrate court determined that Doe's incarceration prevents the child from having a meaningful parent-child relationship with Doe. The magistrate court determined that due to the child's young age and minimal contact with Doe, she will not suffer any emotional distress

by having her legal relationship with Doe severed. The magistrate court further noted that Doe did not appropriately read the child's cues during their limited visits, and the child was dysregulated after visits. Additionally, the magistrate court determined that it would not be in the child's best interests to force her to remain in foster care in the hope that Doe will someday become an available parent. Thus, the magistrate court determined that terminating Doe's parental rights is in the child's best interests.

Doe asserts the magistrate court erred by failing to perceive or otherwise consider the availability of supervised and controlled alternative legal relationships which would preserve the consistency and stability of the child, while also granting the child an opportunity for a meaningful relationship with her father and paternal family in the future. The Department asserts Doe's argument is merely a request to reweigh evidence and the Department, not the magistrate court, is vested with discretion regarding foster placements and adoption selection.

This Court's review is limited to whether substantial and competent evidence supports the magistrate court's decision. *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65. This Court will not reweigh the evidence. *Doe*, 162 Idaho at 407, 397 P.3d at 1166. Once the Department has legal custody of a child under the Child Protective Act, the Department and not the court has the authority to determine where the child should live. *Matter of Doe I*, 164 Idaho 883, 889, 436 P.3d 1232, 1238 (2019). The Idaho Supreme Court has further held that even if the Department's decisions were relevant to the termination of parental rights, those decisions are not subject to review by this Court. *Id.*

Substantial and competent evidence supports the magistrate court's findings and the conclusion that termination of Doe's parental rights is in the best interests of the child. Doe does not challenge the accuracy of the court's factual findings and merely argues that the child should not be placed with the maternal grandparents, a decision for the Department not the magistrate court. As a result, Doe has failed to show error in the magistrate court's determination.

## IV.

## CONCLUSION

The magistrate court's findings are supported by substantial and competent evidence in the record and the determination to terminate Doe's parental rights is based on clear and convincing evidence. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.