IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 50381

| | |
|---|---|
| In the Matter of Jane Doe I, Jane Doe II, and Jane Doe III, Children Under Eighteen (18) Years of Age. | ) ) ) ) |
| | Filed: March 2, 2023 |
| | Melanie Gagnepain, Clerk |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) ) ) |
| Petitioner-Respondent, | ) ) ) |
| | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| v. | ) ) |
| JANE DOE (2022-47), | ) ) |
| Respondent-Appellant. | ) ) ) |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, affirmed.

Anthony R. Geddes, Ada County Public Defender; Karen L. Jennings, Deputy Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Jessica L. Partridge, Deputy Attorney General, Boise, for respondent.

LORELLO, Chief Judge

Jane Doe (2022-47) appeals from the judgment terminating her parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of the three children involved in this action, who were born in 2015, 2017, and 2021. The youngest child was placed into foster care after it was determined that the child tested positive for a controlled substance at the time of the child's birth. Because Doe failed to follow a safety plan, the two older children were also placed into foster care. Temporary custody

1

of the children was awarded to the Idaho Department of Health and Welfare. The magistrate court approved a case plan for Doe and the children's fathers and conducted several review hearings while the children were in the Department's custody. Ultimately, the Department filed a petition to terminate the parental rights of each parent.

At the beginning of the termination hearing, the Department offered an exhibit "as a self-authenticating business record." This exhibit contained documents regarding drug tests that Doe completed, did not complete because she did not appear for testing, or refused to complete ("drug test exhibit"). Doe objected, asserting that "the rules of evidence provide" that it was necessary "to have a chain of custody to show it was actually [Doe] who provided the urine" for the drug tests. The magistrate court admitted the drug test exhibit over Doe's objection. Following the hearing, the magistrate court terminated Doe's parental rights after finding clear and convincing evidence that she had neglected the children under two statutory definitions of neglect and that termination is in the children's best interests.[1] Doe appeals.

## II.

## STANDARD OF REVIEW

The decision to admit evidence is generally reviewed for an abuse of discretion. *Idaho Dep't of Health & Welfare v. Doe*, 150 Idaho 103, 114, 244 P.3d 247, 258 (Ct. App. 2010). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Idaho Dep't of Health & Welfare v. Doe*, 165 Idaho 33, 44, 437 P.3d 33, 44 (2019).

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated.

---

[1] The magistrate court also terminated the parental rights of the two fathers involved in this case, but those decisions are not at issue in this appeal.

*Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe asserts the magistrate court erred in admitting the exhibit regarding her drug testing. Doe further asserts that the statutory definition of neglect based on a parent's failure to complete a case plan is unconstitutional. Doe also asserts that the magistrate court erred in concluding that she neglected the children under both statutory definitions of neglect and in concluding that termination is in the children's best interests. The Department responds that Doe has failed to show the magistrate court erred in admitting the exhibit or that the statutory definition of case plan neglect is unconstitutional. The Department asserts that Doe does "not include any argument in support of" her assertion that the magistrate court erred in concluding that she neglected the children. Finally, the Department responds that substantial and competent evidence supports the magistrate court's conclusion that termination is in the children's best interests. We hold that Doe has failed to show error in the admission of the exhibit. Further, because Doe fails to show error in the conclusion that she neglected the children by conduct or omission, we do not address her argument that the statutory definition of neglect by failure to complete a case plan is unconstitutional or that the magistrate court erred in concluding that she neglected the children under that definition. Finally, we hold that substantial and competent evidence supports the magistrate court's conclusion that termination is in the children's best interests. We affirm.

## A. Drug Test Exhibit

Doe asserts the Department failed to provide "adequate foundation" for the exhibit and, thus, the magistrate court erred in admitting the drug test exhibit. The Department responds that Doe fails to show the magistrate court erred in admitting the drug test exhibit and, even if there was error, she fails to show prejudice to a substantial right.

3

The Department offered the drug test exhibit pursuant to I.R.E. 902(11), which provides that a "domestic record" is self-authenticating if the record "meets the requirements of [I.R.E] 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person." Those requirements are: (1) "the record was made at or near the time by--or from information transmitted by--someone with knowledge"; (2) "the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit"; and (3) "making the record was a regular practice of that activity." I.R.E. 803(6)(A)-(C).

Doe asserts a number of arguments on appeal in support of her challenge to the admission of the drug test exhibit: (1) "there was no proof that [Doe] was the one who provided the sample nor was there a chain of custody shown as to how the urine sample was handled until it was tested"; (2) "there was no expert witness to explain the testing and verification steps"; (3) "these test results should not come within the exception for certified medical records"; (4) "test results from a mere test center record would also arguably not have sufficient indication of veracity as to expert testing"; and (5) "these tests were done for a court case in process and in anticipation of litigation." Doe, however, presented only the first of these arguments to the magistrate court. Issues not raised below are typically not considered for the first time on appeal. *State, Dep't of Health & Welfare v. Doe (2019-16)*, 166 Idaho 57, 63, 454 P.3d 1140, 1146 (2019). Thus, we will not consider Doe's unpreserved arguments.

This leaves Doe's assertion that the drug test exhibit lacked foundation because there was no evidence regarding the chain of custody. Although Doe cites authority for some of her unpreserved arguments, she provides no citation to authority for her chain-of-custody argument. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). We also note that Doe fails to cite the applicable standard for reviewing discretionary decisions or address any of the four prongs of that standard, which, when combined with her failure to cite relevant authority, forfeits consideration of the issue she asserts on appeal. *See State v. Jeske*, 164 Idaho 862, 870, 436 P.3d 683, 691 (2019).

In addition, Doe has failed to argue that the asserted error prejudiced a substantial right. Idaho Rule of Civil Procedure 61 provides that, at "every stage of the proceeding, the court must

disregard all errors or defects that do not affect any party's substantial rights." Accordingly, a party must provide argument explaining how an alleged error or defect prejudiced a substantial right. *Idaho Dep't of Health & Welfare v. Doe (2017-16)*, 163 Idaho 565, 571, 416 P.3d 937, 943 (2018). Doe's failure to provide argument regarding prejudice to a substantial right is an additional reason why she forfeits consideration of the issue she asserts on appeal. *See Doe (2018-24)*, 164 Idaho at 147, 426 P.3d at 1247. In any event, we note that the evidence contained in the drug test exhibit is largely duplicated by other evidence in the record. For instance, a social worker testified at the termination hearing that Doe "had multiple positive [urinalysis tests] throughout the life of [her] case." Doe did not object to this testimony. In addition, Doe testified that she relapsed several times while the case was pending, including in the month before the termination hearing. For all these reasons, Doe has failed to establish error in the admission of the drug test exhibit.

**B.      Statutory Ground for Termination**

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. Neglect may be established under any of the several statutory definitions of neglect. *See* I.C. § 16-2002(3) (incorporating the definitions of the term "neglected" in I.C. § 16-1602(31)). The magistrate court concluded, by clear and convincing evidence, that the Department established two different statutory grounds for neglect: (1) neglect by conduct or omission of the parent, I.C. § 16-1602(31)(a), and (2) neglect by failure of the parent to complete a case plan, I.C. § 16-2002(3)(b).

5

We first address neglect by conduct or omission. Idaho Code Section 16-1602(31)(a) provides that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parent, guardian, or other custodian or their neglect or refusal to provide them. The magistrate court found that: (1) Doe "has historic and ongoing struggles with addiction to methamphetamine"; (2) her "methamphetamine use has a direct impact on her abilities as a parent"; (3) she "has not achieved any self-awareness of her addiction" despite five months "of substance abuse treatment"; (4) she moved in with her father but the "housing is not suitable for the children due to lack of room, lack of cooperation from [her father], and [her] on-going lack of sobriety"; (5) she "struggles to maintain a job for more than a few months" at a time; (6) one child, during visits with Doe, "hides in the corner, tries to pick fights [with] her siblings, is mean to [another child], is 'whiny' and cries, and her speech stutter becomes notably worse"; (7) Doe favors two of the children over one of the children; (8) and Doe has one misdemeanor conviction, two pending misdemeanor cases, and two "outstanding warrants for her arrest" for an alleged probation violation and a failure to appear. On appeal, Doe has not challenged these findings and, thus, we will not presume they are erroneous. *See Idaho Dep't of Health & Welfare v. Doe*, 164 Idaho 883, 892, 436 P.3d 1232, 1241 (2019). These findings provide substantial and competent evidence for the magistrate court's conclusion that Doe neglected the children under I.C. § 16-1602(31)(a).

Doe asserts that her "progress and attachment to her children and the children's attachment to [her] were not given due weight."[2] This Court's review, however, is limited to whether

---

2       The Department notes that, "perhaps erroneously, [Doe] did not include any argument in support of [her assertion] that the [magistrate court] erred in finding neglect" and, thus, the Department declines to "substantively address[]" this issue. Doe's opening brief contains the following headings, with no argument between the headings:

> 3.      The [magistrate court] erred, without substantial competent evidence to meet the standard of clear and convincing, in finding that [Doe] neglected her children.
> 4.      The [magistrate court] erred in finding that termination of [Doe's] parental rights was in the best interests of the children.

substantial and competent evidence supports the magistrate court's decision. *See, e.g.*, *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65 (noting review is whether substantial and competent evidence supports decision). This Court will not reweigh the evidence. *Idaho Dep't of Health & Welfare v. Doe (2017-5)*, 162 Idaho 400, 407, 397 P.3d 1159, 1166 (Ct. App. 2017). As such, Doe has failed to show that the magistrate court erred in finding neglect under I.C. § 16-1602(31)(a). Because each statutory ground of neglect is an independent basis for termination and we must avoid addressing a constitutional issue when there is an alternative basis to affirm, we do not address Doe's arguments regarding neglect by failure of a parent to complete a case plan. *See Roe v. Doe*, 142 Idaho 174, 179, 125 P.3d 530, 535 (2005) (holding that it is unnecessary to address the challenge to one statutory ground for termination when another statutory ground is affirmed on appeal); *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 710, 791 P.2d 1285, 1289 (1990) (holding that "when a case can be decided upon a ground other than a constitutional ground, [an appellate court] will not address the constitutional issue unless it is necessary for a determination of the case").

## C.      Best Interests

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When

---

Given the absence of argument between these headings, the Department's assertion that Doe failed to present substantive argument regarding neglect is reasonable. In her reply brief, Doe asserts that she "combined the argument for errors points 3 and 4 into one argument." But, nothing in Doe's opening brief expressly indicates that the argument for her fourth issue was also intended to support her third issue. We note that Doe included a one-sentence argument regarding neglect in the conclusion section of her opening brief, which we quote above. Although Doe's failure to provide argument in the argument section does not comply with our appellate rules, *see* I.A.R. 35(a)(6), we will consider the short argument she presents in her conclusion section.

We also recognize that, in her reply brief, Doe argues that the magistrate court erred in concluding that there was neglect because the evidence "clearly established [Doe's] love for her children" and she "demonstrate[d] for long periods of time her ability to manage the children and be sober." This Court will not consider arguments raised for the first time in an appellant's reply brief. *Doe*, 164 Idaho at 892, 436 P.3d at 1241. In any event, Doe's new arguments in her reply brief merely invite this Court to reweigh the evidence, which we will not do when substantial and competent evidence supports the magistrate court's conclusion. *See Idaho Dep't of Health & Welfare v. Doe (2017-5)*, 162 Idaho 400, 407, 397 P.3d 1159, 1166 (Ct. App. 2017).

determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A determination that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court recognized that Doe "is a capable, loving, and positive parent when she is sober" but that she "cannot presently conquer her addiction" and she "simply cannot safely parent her children while she is actively using controlled substances." The magistrate court also recognized that the children had a "positive bond" with Doe and that termination would "result in emotional pain and loss for the children." However, the magistrate court found that "returning the children to [Doe's] care puts them at real risk of physical danger, perpetual instability, profound neglect and repeated placements of indeterminate lengths with friends and relatives while [Doe] serves jail sentences." Further, the magistrate court found that Doe is "unable to obtain and maintain safe housing for herself and her children" and "is unable to maintain employment and financially provide for herself and the children." The magistrate court "weigh[ed] the options" and concluded that "it is in the children's best interest[s] to suffer short-term emotional pain versus an entire childhood of instability, uncertainty[,] and perhaps worse." On appeal, Doe does not challenge any of the above factual findings underlying the magistrate court's conclusion and, thus, we will not presume error in these findings. *See Doe*, 164 Idaho at 892, 436 P.3d at 1241. These findings provide substantial and competent evidence for the magistrate court's conclusion that termination of Doe's parental rights is in the children's best interests.

Doe asserts that testimony at trial "clearly established [her] love for her children."[3] She also asserts that she "demonstrate[d] for long periods of time her ability to manage the children

---

[3]     We note that Doe fails to provide citations to the record to support the quotations contained in the sentence above and the one following. This does not comply with I.A.R. 35(a)(6), which requires supporting citations to the record in the argument section of the brief.

and be sober" and that her "opinion as to best interests of [her] children should be given more weight [than] the [magistrate] court gave their testimony," presumably referencing testimony given by other witnesses. These arguments, however, ask this Court to reweigh the evidence, which we will not do when there is substantial and competent evidence supporting the magistrate court's conclusion. *See Doe (2017-5)*, 162 Idaho at 407, 397 P.3d at 1166. Consequently, Doe has failed to show the magistrate court erred in holding that termination is in the children's best interests.

## IV.

## CONCLUSION

Doe has failed to show error in the admission of the drug test exhibit or in the magistrate court's conclusions that Doe neglected the children by conduct or omission and that termination is in the children's best interests. We do not address Doe's constitutional argument or her argument that the magistrate court erred in concluding that she neglected the children by failing to complete a case plan because the magistrate court's decision can be upheld on the alternative statutory definition of neglect. Doe has failed to show error in the magistrate court's termination decision. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.